Thomas K. JONES

v.

Peter NOLAN et al., Executors of the Estate of John E. Pasane.

No. 85–5–Appeal.

Supreme Court of Rhode Island.

Nov. 13, 1985.

Carol I. Siravo, Robert J. DeCesaris, Cranston, for plaintiff.

Peter D. Nolan, Coventry, for defendants.

## OPINION

KELLEHER, Justice.

This civil action, in which the plaintiff seeks compensatory and punitive damages of a half million dollars for slanderous utterances made by the deceased defendant, has been pending in the Superior Court's Kent County division since September 1, 1977. The case remained in a state of deep repose until July 1984. In the spring of 1984 the assignment justice, acting pursuant to the provisions of G.L.1956 (1969 Reenactment) § 9–8–3, issued an order in a number of dormant cases, directing the attorneys of record to appear before the court on June 8, 1984, and show cause why their respective cases should not be dismissed "for lack of prosecution." Attorneys were directed to appear personally at the call of a show-cause calendar at 9:30 a.m. on June 8, 1984, unless a stipulation disposing of the suit was filed with the clerk no later than June 7, 1984. On June 8 an order dismissing the plaintiff's action was entered in this case, "notice having been given [and] no objection from counsel * * * why the action ought not to be dismissed." The plaintiff is now before this court on an appeal from the denial by a second Superior Court justice of his motion to reinstate the case.

In its pertinent portion, § 9–8–3 allows a justice of any of the state courts to dismiss any action or proceeding [1] that has been pending for over five years for lack of prosecution after notice and opportunity to be heard have been provided. Notice of the proposed dismissal shall be given, as in the case at bar, to the plaintiff's attorney; but if no attorney of record exists or the attorney is deceased, notice is to be given to the plaintiff if his address appears in the papers of the case. Here, notice was given to plaintiff's original attorney.

When the reinstatement motion was heard in October 1984, the Superior Court file contained a withdrawal of appearance by plaintiff's original attorney dated April 26, 1984. The file contained an entry of appearance by his present attorney dated May 25, 1984. However, neither stipulation was filed with the Superior Court until July 2, 1984. In denying the motion to reinstate, the trial justice noted the April withdrawal, the May entry of appearance, and the July filing. Before denying the motion, the trial justice remarked to plaintiff's present attorney: "You could have become attorney of record any time after April 26 by merely entering your appearance in this case, in which case the notice in June would have come to you directly." Counsel responded, "That's correct." Although we will not disturb the denial of the

1. The clerk of the Kent County Superior Court has informed the court that there were 129 cases noticed for hearing on June 8, 1984, pursuant to G.L.1956 (1969 Reenactment) § 9–8–3. On that date 62 cases were dismissed pursuant to the statute, and 35 cases were passed or continued to a future date. Between the date of the notice and the hearing, 32 cases were dismissed pursuant to settlement stipulation.

motion to reinstate, we shall offer a brief comment on plaintiff's position as it has been argued to us.

In taking his position, plaintiff now relies upon the provisions of Rule 41(b)(1) of the Superior Court Rules of Civil Procedure, which allow a Superior Court justice, after giving due notice, to dismiss any civil action that has been pending for over five years and to enter a dismissal order "at any time" for the plaintiff's failure to comply with the rules. Notice of a proposed dismissal is to be mailed to the plaintiff's attorney of record "and to the plaintiff if his address be known." The plaintiff's counsel has argued that notice should have been sent to his client's place of employment, the Coventry police department, because he supposedly received mail at that location.

Assuming the rule, rather than the statute, is applicable, we would not disturb the dismissal because we believe that a clerk of a court, in mailing out notices of proposed dismissals of dormant cases, is not required to search such sources of information as street or telephone directories or survey places of employment. If the plaintiff's address proviso is to come into play, we believe that his address must appear in the papers of the case. No evidence was presented before the motion justice indicating that plaintiff's mailing address was the police station.

We would also point out that the District Court's Rule 41(b)(1), which is described in the Reporter's Notes as a carbon copy of Super.R.Civ.P. 41(b)(1), provides for notice to a plaintiff whose address is known but *only if the plaintiff has no attorney of record.*

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.[2]

BEVILACQUA, C.J., and SHEA, J., did not participate.

---

2. Originally, this case came on to be heard before panels of this court on the show-cause calendar. The first show-cause order was directed to the defendants, and the second order was directed to the plaintiff, but because the difference in language between the rules and the statute was significant, the issue was thought to merit a full opinion.